IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ABERCROMBIE & KENT MANAGEMENT CO., L.L.C., fka LUXCASTLE MANAGEMENT CO., L.L.C., a Delaware limited liability corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MORINDA PROPERTIES ESCALA LODGES, LC, a Utah limited liability company, *et al.*,<br><br>Defendants. | ORDER and MEMORANDUM DECISION<br><br>Case No. 2:09-cv-162 CW |

This case has been litigated for some time and with considerable diligence by the parties, and there are several outstanding dispositive motions pending. At this time, the court has a draft opinion that would resolve those motions that is substantially complete. As the court reviewed that draft, however, a potential problem with subject matter jurisdiction became apparent that has not yet been raised in this action.

Specifically, Plaintiff Abercrombie & Kent Management Co., LLC invokes diversity jurisdiction pursuant to 28 U.S.C. § 1332. As the court reviewed the complaint, however, it has become apparent that, for a few reasons, the complaint does not allege sufficient facts to show that the requirements of § 1332 are met. Because a court "must, *sua sponte*, satisfy itself of its power to adjudicate in every case and *at every stage of the proceedings*," *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270-71 (10th Cir. 1998) (emphasis added), Abercrombie must make further showings regarding diversity before the court may proceed to rule on substantive issues in this case.

The court's first basis for uncertainty on diversity jurisdiction is that "for entities other than corporations," the court's "'diversity jurisdiction in a suit by or against [an] entity depends on the citizenship of. . . each of its members.'" *Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1523 (10th Cir. 1991) (quoting *Carden v. Arkoma Assoc.*, 494 U.S. 185, 189 (1990), internal quotations omitted). In this case, Abercrombie has not plead the state citizenship of any of its members, nor has it plead the state citizenship of the members of Defendants Morinda Properties Escala Lodges, LC and Extreme Holding, L.L.C. Until Abercrombie establishes that its members are completely diverse from all Defendants, including all members of the Defendant limited liability companies, the court cannot conclude that there is complete diversity here.

Second, in *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006), the Supreme Court ruled that for purposes of diversity jurisdiction, a national bank "is a citizen of the State in which its main office, as set forth in its articles of association, is located." Here, Abercrombie alleges upon information and belief that Defendant U.S. Bank National Association is headquartered in Minnesota with branch offices in Utah, but is silent as to the state in which U.S. Bank's main office is located. To show diversity, Abercrombie has to establish this information.[1]

---

[1] In addition to the named parties, Abercrombie has also included "Does 1-20" in the caption of its complaint. Generally, naming fictitious or "Doe" defendants without alleging anything about their state citizenship will defeat diversity and potentially lead to dismissal for lack of subject matter jurisdiction. *See*, *e.g.*, *Commonwealth Prop. Advocates, LLC v. Ocwen Loan Servicing, LLC*, 2:10-cv-86 CW, 2010 WL 1737583, *1-2 (D. Utah April 29, 2010). In this case, however, the complaint never mentions any of the fictitiously named defendants in any context and makes no claim against them. Moreover, to date, Abercrombie has not amended its complaint to try to replace a Doe with a named defendant, nor has it attempted to serve any Doe. "Does 1-20" are thus nominal, and the court shall therefore disregard their presence in the caption. *See id.* Because the Does may be disregarded, the court does not require any showing of their citizenship.

For the reasons discussed above, Abercrombie is ORDERED to show cause why this action should not be dismissed for lack of subject matter jurisdiction. Abercrombie's response is due 30 days from the date of this Order. If Abercrombie's response satisfies the court that it has diversity jurisdiction, it will quickly issue a ruling on the pending motions.

SO ORDERED this 31st day of January, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Judge